# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

TRACEY DANIELS and )
TAMMY FESSENDEN )
                                         )
     **Plaintiff,**                        )
                                         )
v.                                             )   Case No. CIV-18-1115-R
                                         )
**CSAA GENERAL INSURANCE COMPANY,** )
                                         )
     **Defendant.**                      )

## ORDER

Before this Court is Defendant's motion to exclude Plaintiff's expert or, in the alternative, limit his testimony, *see* Doc. 28, to which Plaintiff has responded, *see* Doc. 31. The issues Defendant raises are best dealt with by limiting, rather than excluding, the testimony of both parties' experts; therefore, the Court denies Defendant's motion to exclude, but grants its alternative motion *in limine*.

Although Defendant moves under *Daubert v. Merrill Dow Pharmaceuticals, Inc.* to preclude Plaintiff's claims handling/bad faith expert, Michael Duncan, from testifying at all, its objections target particular testimony it anticipates Duncan will provide based on the conclusions in his expert report. In support of its motion, Defendant cites an order issued in *Nematpour v. GEICO General Insurance Co.*, CIV-15-851-W (W.D. Okla. Aug. 8, 2016), in which the court denied a similar *Daubert* motion, but granted an alternative motion *in limine*. *See id.* at 12; *see also* Doc. 28-2. Defendant also notes it too "retained an attorney expert" to testify on issues of bad faith, conceding its expert should be subject to the same limits it requests the Court impose on Mr. Duncan. In response to the motion

Plaintiff also relies upon *Nematpour* and requests that this Court grant Defendant's alternative motion *in limine*.

In light of Defendant's focus on limiting rather than excluding Mr. Duncan's testimony, the Court DENIES Defendant's *Daubert* motion. Because the parties concede their respective experts should be subject to the limitations set forth in Defendant's alternative motion *in limine,* that motion is hereby GRANTED. The Court will restrict Plaintiff's expert, Michael Duncan, and Defendant's expert, Ron Walker, as follows. Neither expert shall:

(a) make statements regarding Oklahoma's Unfair Claims Settlement Practices Act, 36 O.S. § 1250.1 *et seq.*;

(b) give opinions that constitute legal conclusions;

(c) interpret any laws that govern bad faith claims and, in particular, make any statements that attempt to define "bad faith" under Oklahoma law;

(d) use terms such as "bad faith," "good faith," "unfair," and "unreasonable" when describing the actions of CSAA; and

(e) opine that CSAA absolutely owed certain legal duties or that it breached such duties, or use terms such as "must" or "was required to" in connection with such duties.[1]

---

[1] Plaintiff requests that the Court allows its expert to testify about insurance industry standards, though it includes in its own proposed order a request to *exclude* such testimony. *Compare* Doc. 31, at 11–12 *with* Doc. 31-2, at 2. Defendant argues the parties' experts should be precluded from testifying about industry standards. *See* Doc. 28, at 21–24. The Court declines to bar expert testimony as to industry standards and practices at this time, though either party is free to object to particular questions on this issue at trial. *See Magallan v. Zurich Am. Ins. Co.*, No. 16–CV–0668–CVE–FHM, 2017 WL 4012964, at *10 (N.D. Okla. Sept. 12, 2017) (allowing expert testimony about industry standards and good claims handling practices);

IT IS SO ORDERED this 30th day of August 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

*see also Milburn v. Life Inv'rs Ins. Co. of Am.*, No. CIV-04-0459-C, 2005 WL 6763386, at *3 (W.D. Okla. Jan. 19, 2005) (allowing expert to testify about "Oklahoma insurance industry's practices and standards and whether they were or were not met in this case").